Paul EFFINGER, Rishel Bowen, James Durham, Tinsley Roman, and William Adams, Appellants,

v.

FERN CREEK VOLUNTEER FIRE DEPARTMENT, INC., Larry Broyles, Tony Broyles, Ronnie Brugh, Harold Carnes, Robbie Chambers, Steve Driskell, Don Espy, Dave Fisher, Cliff Fowler, John Franklin, Tim Krivda, Arnold Kuehenbrod, Andy Mehaffey, John Miller, Riery Shaffer, Lloyd Straub, Jerry Swan, Charlie Thompson, Art Vogedes, Glen Vogedes, Mark Vogedes, Tom Widman, Rodney Zeller, Tyrone Young, John Johnson, Robert Storrie, John Magnus, Gary Helm, Mrs. Robert F. Chamgers, Mrs. Ross Riddle, Mrs. Lawrence Speckman, Harley Roman, John E. Parrish, Joseph T. Riordan, Ricky Devine, George J. Vogel, Sr., Gary Zeller, Craig Newman, Roger Newman, Matthew F. Plahuta, James S. Bryan, Jr., Jerry Sasser, Carroll E. Brotzge, Charles M. Schmidt, David Montgomery, Jesse Street, Appellees.

Court of Appeals of Kentucky.

April 7, 1978.

Richard D. Remmers, Handmaker, Weber & Meyer, Louisville, for appellants.

Edwin A. Schroering, Jr., Louisville, for appellees.

Before HOWERTON, LESTER and WHITE, JJ.

HOWERTON, Judge.

This is an appeal from a declaratory judgment in which the trial court declared that the contract between the Fern Creek Fire Department, Inc., (hereinafter referred to as Department) and the Fern Creek Fire Protection District (hereinafter referred to as District) was valid. One provision of the contract allowing veto power by the directors of the Department over any termination of the contract by the trustees of the District was declared invalid, but this section of the contract is not an issue on this appeal.

The stipulated facts provide that a contract was entered into between the Department and the District, evidenced by By-Laws adopted by both parties on May 14, 1973, under which the District delegated to the Department more or less complete control of the operation of the Department.

Appellants contend that the entire contract is invalid *ab initio*. Specifically, they argue that KRS 75.010 through .260 (1) prohibits the District from contracting for services with a fire department which is located within the District; and (2) the contract is an illegal delegation of statutory authority.

First, appellants admit that KRS 75.040 allows the District to contract for fire protection services; but they argue that this contracting is for limited purposes in special situations. They contend that KRS 75.050 limits the authority of the District to contract for fire protection services to areas outside its boundaries, or areas within its boundaries where it cannot provide adequate fire protection. Appellants' interpretation of KRS 75.040 through .050 is not a reasonable construction of the statute.

KRS 75.040(1) provides in part:
Upon the creation of a fire protection district . . . the trustees of such district are hereby authorized to establish and operate a fire department . . . or to make contracts for fire protection for such districts as provided in KRS 75.050.

KRS 75.050 provides that the fire protection district may enter into a contract with "any . . . volunteer fire department . . . for the furnishing or [the] receiving of fire protection services for all property within the confines of the area included in and covered by the contract . . . ." Therefore, we believe the contract between the District and the Department was compatible with the statutory authority granted in KRS 75.040 through .050. There is no language in either statute that limits fire service contracts to departments or units outside the district's territory, or for services in areas within the territory which can be more readily served by neighboring departments, or for reciprocal fire protection agreements among several departments. However, it appears that a district might legally contract with a neighboring district or department for any of the foregoing reasons, under the authority granted by KRS 75.040 through .050.

Secondly, appellants contend that the contract is an illegal delegation of statutory authority. The authorities that they argue are illegally delegated are the right of the Department to choose its own fire chief, and the Department's submission of a budget to be approved by the District.

KRS 75.120(2) provides that "the board [District] may appoint a chief of the fire departments and all subordinates . . ." (Brackets added) The only reasonable meaning that can be given to this section is that the District may (i. e., is permitted to) select a fire chief, but it need not retain or exercise this power, and it may legally delegate such power or right to any volunteer fire unit with which it contracts for its fire protection.

KRS 75.040(1) authorizes the District to levy a tax for the purpose of fire protection. Appellants contend that the contractual terms providing for District approval of a budget submitted by the Department is an illegal delegation of the District's taxing power. The ordinary meaning of the phrase, "approval of the budget", in these circumstances is that the District may exercise reasonable discretion in determining whether the budget is suitable. Having contracted with the Department for fire protection, it is common sense that the District would want the Department to submit a budget for its approval. It cannot be said that the taxing power of the District has been delegated by this contract.

If the Board of Trustees for the District wishes, it may terminate the present contract with a department at any time, provided it does so by vote of the Board of Trustees in accordance with the By-Laws.

We agree with the trial court that the contract between the Department and the District, voluntarily entered into for the benefit of the people of Fern Creek, should be supported and upheld unless unlawful. The law, having given the right to the District to contract for fire protection services, should not be so narrowly construed as to make it impractical to contract. The judgment of the trial court is affirmed.

All concur.